No. 13-0713 - State of West Virginia v. Gina Marie Jerrome

LOUGHRY, Justice, concurring:

I concur in the majority's conclusion that the petitioner's grand larceny conviction is properly affirmed under the "single larceny doctrine" and agree with this Court's recognition of the doctrine. I write separately, however, to highlight what I believe to be the guiding principle in this regard, which is implicit in the majority's new syllabus point. This Court has previously made clear that with respect to singular or multiple charges, absent a viable double jeopardy challenge, the propriety of such charge(s) is measured by evidence of multiple separately-formed or singular intent(s), as determined by a jury. This critical element was given thorough treatment in my colleague Justice Workman's opinion of *State v. McGilton*, 229 W.Va. 554, 729 S.E.2d 876 (2012).

In *McGilton*, this Court was faced with the same, but inversely presented, issue: whether a defendant may be convicted of multiple offenses of malicious assault even when the offenses were part of the "same course of conduct." *Id*. at 556, 729 S.E.2d at 878, syl. pt. 9, in part. This Court held that such a conviction was proper insofar as "the facts demonstrate separate and distinct violations of the [malicious assault] statute." *Id.* We explained that whether multiple convictions could be sustained "is a question of fact which

1

may only be proven by examining the totality of the circumstances." *Id.* at 566, 729 S.E.2d at 888. We stated further that the propriety of such a conviction was dependent upon the State's ability to prove beyond a reasonable doubt that there was specific intent "***for each and every count of the indictment***." *Id.* at 567, 729 S.E.2d at 899 (emphasis in original). Most importantly, we were emphatically critical of the petitioner's attempt to persuade this Court to rule "as a matter of law" that multiple stabbings always constitute a single offense "regardless of the specific circumstances of the crime and irrespective of whether a perpetrator actually formed the requisite intent each and every time he or she committed a separate malicious assault of a victim." *Id.* at 561, 729 S.E.2d at 883.

Subsequent to *McGilton*, Justice Workman and I criticized the majority for disregarding these principles in *State v. Goins*, 231 W.Va. 617, 748 S.E.2d 813 (2013) (Loughry, J., concurring). In *Goins*, the Court was faced with whether the State had presented sufficient evidence to justify multiple convictions of brandishing where there were multiple victims, but no evidence as to how many shots were fired in their direction. The majority concluded that the conviction in *Goins* could not stand, yet blithely went on to state that the notion that multiple brandishing violations could occur on the basis of multiple shots was "absurd." *Id.* at __, 748 S.E.2d at 820. Drawing upon the analysis contained in *McGilton*, we criticized the majority for making such a proclamation without recognizing, like *McGilton*, that whether multiple convictions could be sustained was fact-specific: "It

2

is a dangerously overreaching conclusion, however, to insist that because the evidence adduced below in this particular case did not sustain multiple convictions, that the statute would not support such convictions were satisfactory evidence adduced; certainly, *McGilton* instructs otherwise." *Goins*, 231 W.Va. at ___, 748 S.E.2d at 823 (Loughry, J., concurring).

Taking heed of this principle, the Court's new syllabus point properly allows the jury to determine the number and quality of larcenies based upon the evidence with which it is presented. Although the issue presented is typically couched in terms of whether multiple convictions may be sustained based upon repetitive conduct, as opposed to whether a single conviction may obtain from cumulative conduct, the underlying principle remains the same: whether single or multiple convictions may be sustained depends on the evidence adduced. Consistent with the clear import of *McGilton*, the Court's new syllabus point reflects that whether separate takings from separate owners constitutes a single or multiple larcenies (of whatever degree) must be determined from the totality of the circumstances and is dependent upon the number of separately formed intents as proven by the evidence.

The facts of the instant case not only illustrate the universe of possibilities regarding multiple or single larcenies, but are instructive as to the nature and quality of evidence that should be adduced at trial to support a conviction. Here, the petitioner stole items from four victims. The items were contained in three different purses, which were

3

located at two different locations in one bar into which the petitioner and her boyfriend entered that evening before leaving with the stolen items. The evidence presented at trial indicated that the property of Karen Jewell and Christopher Violet, which were contained in Ms. Jewell's purse, totaled more than $1,000.00. Similarly, the collective worth of Ms. Jewell and Lisa Bauer's stolen items, which were contained in different purses sitting on the same table, totaled more than $1,000.00. Sadie Atkinson's purse, however, was located some twenty to thirty feet away in a different part of the bar. However, there was also evidence that the petitioner was observed "circling" the bar, ostensibly plotting her larcenous scheme, which may have included the theft of all of the purses. Although the jury could have well concluded from this evidence that the petitioner committed one, two, or three different larcenies of varying degrees, it found that one larceny occurred, as was within its province.

As demonstrated by the fact pattern herein, the State must ensure that its evidence comports with the manner in which the defendant is charged. The focus must be, as explained in *McGilton*, on establishing the requisite evidence of intent to support the charges. The majority expressly states that "[u]ltimately, the decision of what constitutes the same place and time is determined on a case-by-case basis[,]" and its new syllabus point is crafted in a manner that acknowledges the fact-specific nature of this issue. Unquestionably, our precedent regarding singular or multiple charges compels the outcome reached in this case.

I am authorized to state that Justice Workman joins in this concurrence.